**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

EDWIN VARGAS,

        Appellant,

      v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
DC-0752-14-0126-I-1

DATE: October 7, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Edwin Vargas, New Bern, North Carolina, pro se.

Anthony P. Alfano, Esquire, Camp Lejeune, North Carolina, for
    the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The administrative judge issued an initial decision on December 5, 2013, dismissing as settled an appeal filed by the appellant. Initial Appeal File (IAF), Tab 26, Initial Decision (ID). In the initial decision dismissing the appeal, the administrative judge found that the settlement agreement was lawful on its face and that the parties freely entered into the agreement and understood its terms. ID at 2. The administrative judge further found that the Board had jurisdiction over the appeal, that the settlement agreement fully resolved the issues raised by the parties on appeal, and that the parties intended to enter the agreement into the record for enforcement by the Board. ID at 1-2. The initial decision dismissing the appeal as settled became the final order of the Board on January 9, 2014, after neither party filed a petition for review by that date. ID at 2.

¶3    When an administrative judge dismisses an appeal as settled, a party who believes that the agreement is invalid because it was obtained by fraud or coercion, or because it was based on mutual mistake, may file a petition for review of the initial decision and seek to have the settlement agreement set aside. *McKinney v. Department of Agriculture*, 70 M.S.P.R. 165, 166-67 (1996). On May 23, 2015, the appellant filed a petition for review asking the Board to modify the terms of the parties' settlement agreement. Petition for Review (PFR) File,

Tabs 1-3. Specifically, the appellant requests that the Board change the language in paragraph 3.b of the settlement agreement "from not seek and/or accept employment with Navy Bureau of Medicine and Surgery to not seek and/or accept employment as Inventory Management Specialist, Equipment Manager." PFR File, Tab 3 at 3. In support of his request, the appellant states that he is dissatisfied with the terms of the settlement because it prevents him from applying for jobs in his field of experience. *Id*.

¶4      Based upon our review, we find that the appellant has not shown or specifically alleged that the settlement agreement is invalid because of fraud, coercion, or mutual mistake. Instead, he asks the Board to modify the agreement. The Board lacks the unilateral authority to modify a material term in a settlement agreement. *See Rhoda v. Department of the Navy*, 34 M.S.P.R. 576, 578 (1987). We therefore find that the appellant has failed to establish a basis on which to grant his petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.